UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14079-CR-MOORE/LYNCH(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KELVIN IVAN DESANGLES,

    Defendant.
_____/

FILED by _____ D.C.

FEB 17 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR RECONSIDERATION [D.E. #341]

**THIS CAUSE** having come on to be heard for an evidentiary hearing on February 17, 2012 in respect to the Defendant's Motion For Reconsideration and this Court having reviewed the motion, the government's response and the Defendant's reply, and having convened a hearing pursuant to the Order of Reference from the District Court, this Court makes the following findings and recommendation to the District Court.

    1.    At the outset of the hearing, the Defendant announced through counsel that his sole witness would be the Defendant's mother, Guadalupe Pontier. Counsel for the Defendant then advised the Court that Ms. Pontier would require an interpreter. This Court advised counsel that arrangements should have been made beforehand and the Clerk of Court could have arranged for a court interpreter. Counsel for the Defendant apologized for not having brought this to the attention of the Clerk before the hearing.

    2.    While the Court waited, Ms. Griffin-Arnold, the Court's CRD, called the Interpreter's Office from the courtroom and determined that an interpreter was not available. This Court attempted to go through the hearing since counsel for the Defendant announced that Ms. Pontier did understand some English. However, it was clear when Ms. Pontier could not even follow the Court's instructions to spell her last name, that the hearing was not going to be able to proceed.

3. Counsel for the Defendant then requested to go forward with argument and if the Court found that further evidence was necessary, that the Court could re-set the hearing. The Court agreed to go forward on that basis.

4. The Defendant's argument is that the $10,000.00 deposited for the Defendant's bond pursuant to this Court's previous Orders was deposited by the Defendant's mother. At no time were any of the $10,000.00 the property of the Defendant. Counsel for the Defendant pointed out that in March of 2011, this Court conducted a <u>Nebbia</u> hearing concerning the deposit in question. Prior to that hearing, certain documentation was provided by counsel for the Defendant to counsel for the government. That documentation were records of the Defendant's mother's checking account reflecting that, as Vice President of Diva Beauty Salon, Inc., she utilized $2,000.00 of her own money to go towards the $10,000.00 deposit. Further records from the Defendant's mother's sister in New York reflected that she gave the Defendant's mother $6,000.00 from her checking account consisting of an IRS refund and a check from the State of New York. Finally, there were checking account records provided from the Defendant's mother's best friend, Ms. Vega, who borrowed $2,000.00 from her Federal Credit Union account, and provided it to the Defendant's mother to help her meet the $10,000.00 deposit requirement. Again, all of this documentation was provided to the government in March of 2011 at the time of the <u>Nebbia</u> hearing. In fact, this Court entered its Order dated March 21, 2011 specifically finding that the documentation provided by counsel for the Defendant to the government, the government reviewed that documentation and "is satisfied that it properly reflects that the deposit made by the Defendant for his bond was from a valid source." The Defendant's mother has also executed an affidavit which counsel has attached to the Reply reflecting that she at all times was the sole owner of the $10,000.00 deposited for the Defendant's bond in this case.

5.   The Defendant was sentenced by the District Court in September of 2011. Subsequent to that time, the Defendant filed a Motion To Discharge Bond seeking to have the deposit returned to the Defendant's mother.  The government filed a motion to apply the bond deposit for partial payment of restitution.  Those motions were reviewed by the District Court and on December 8, 2011, Judge Moore entered an Order denying the Defendant's motion and granting the government's motion.

6.   The Defendant has now filed the present Motion For Reconsideration alleging that the deposit was at all time property of the Defendant's mother by way of her own money from her business, and gifts/loans from her sister and a friend.  The Defendant submits that at no time were any of the funds represented by the deposit owned by this Defendant.

7.   During this hearing, the Court asked the government if it had any evidence to contradict the checking account records, sworn affidavit of the Defendant's mother, and the assertions made by counsel for the Defendant at this hearing.  The Court stated that if the government had any evidence to establish that someone other than the Defendant's mother was the true owner of the $10,000.00 deposited for the bond, that the Court would go ahead and hear that evidence today and then re-set the conclusion of the hearing once an interpreter could be made available for the Defendant's mother to testify.  The government stated that it did not have any evidence to contradict the documentation previously provided by counsel for the Defendant to the government nor any evidence to contradict the Defendant's mother's affidavit asserting that she is the sole owner of the $10,000.00 deposit.

8.   The Court then stated that it is the Court's understanding that the statute in question specifically does not apply to any third party sureties such as the Defendant's mother making the bond deposit for the Defendant.  The statute at issue is Title 28, United

3

States Code, § 2044. This statute allows the Court to order any money belonging to and deposited by or on behalf of the defendant with the Court for the purpose of a criminal appearance bond to be held and paid over to the United States Attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the Defendant. The last sentence of that statute states, "This section shall not apply to any third party surety."

9. In United States v. Sparger, 79 F.Supp. 2d 714 (W.D. Texas 1999), the government sought to have forfeited a $5,000.00 bond deposit made into the registry of the court. The record in Sparger reflects that the bond was deposited by the defendant's attorney who sought to have the bond returned at the conclusion of the case. The government's position in Sparger was that 28 U.S.C. § 2044 entitled the United States to the $5,000.00 posted by the defendant's attorney. The District Court pointed out the "plain, logical and practical meaning" of the statute in question finding that the statute specifically does not apply to money owned by a third party. The District Court denied the government's request and returned the bond deposit to the defendant's attorney.

10. In United States v. Dipofi, 2008 WL 26229954 (E.D. Mich. 2008), the same issue arose under 28 U.S.C. § 2044. In Depofi, the parents of the defendant posted the cash deposit for bond. At the conclusion of the case, the defendant's attorneys sought to have the bond money paid over to them by virtue of a written assignment executed by the defendant. That defendant's parents contended that they were the persons who advanced the monies for the bond and entitled them to receive the contested funds at the conclusion of the case. The Magistrate Judge in that case conducted a hearing and recommended that the bond deposit be returned to the defendant's parents. The government objected and requested a ruling from the District Court. After a review, the District Court affirmed and adopted the report and recommendation of the Magistrate Judge specifically finding

that the bond deposit did not belong to the defendant at the time of the deposit and that the money should be returned to the parents who were the lawful owners at the time that the money was deposited for the defendant's bond under the plain reading of the statute.

11. In light of the fact that the government does not have any evidence to contradict the sworn affidavit of the Defendant's mother nor the documentation establishing the source of the funds given to the Defendant's mother prior to her making the deposit for the Defendant's bond and the government not having any legal argument to interpret the statute in question other than the plain reading given to it by the language of the statute itself, this Court finds that the Defendant's Motion For Reconsideration should be granted and the bond deposit paid over to the Defendant's mother as the original depositor.

12. During the hearing, counsel for the Defendant stated that he had received an assignment of these funds from the Defendant's mother as partial payment of his attorney's fees. However, this Court stated that is an issue to be resolved between counsel for the Defendant and the Defendant's mother. Since the Defendant's mother was the depositor for these funds, this Court will recommend that they be returned to her. Counsel for the Defendant could then address the issue of the assignment with the Defendant's mother as a private issue.

13. This Court pointed out that since Judge Moore has already ruled on this issue, that this Court's ruling would be by way of a Report and Recommendation and that no immediate action would take place concerning these funds until such time as Judge Moore makes a final ruling on this Report and Recommendation.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion For Reconsideration [D.E. #341] be **GRANTED** and that the $10,000.00 deposit made by Guadalupe Pontier be returned to her by the Clerk of Court.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of February, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Carmen M. Lineberger
Alan R. Soven, Esq.